IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge S. Kato Crews**

Civil Action No. 1:21-cv-3443-SKC

KEVIN OLIVER,

       Plaintiff.

v.

DOLLAR TREE STORES, INC.,

       Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This is a slip and fall case before the Court on the parties' consent under 28 U.S.C. § 636(c). Defendant's Motion for Summary Judgment [Dkt. 31] asserts the undisputed facts show Plaintiff lacks evidence to establish an essential element of his claim under Colorado's Premises Liability Act (PLA), Colo. Rev. Stat. § 13-21-115(4).[1] Defendant also moves for summary judgment on its affirmative defenses of assumption of risk and comparative negligence. Plaintiff opposes the Motion. [Dkt. 35.]

---

[1] Defendant properly removed Plaintiff's state claims to federal court upon diversity jurisdiction. *See* [Dkt. 1-1.]

The Court, after having reviewed the Motion, Plaintiff's response in opposition, Defendant's reply, the case docket and applicable law, DENIES the Motion for reasons further discussed below.

## I.    Background

Defendant owns and operates a Dollar Tree retail store. The parties stipulate that Plaintiff was Defendant's invitee and Defendant, a landowner, within the meaning of the PLA.

Plaintiff sued Defendant alleging it knowingly failed to use reasonable care when he slipped and fell while attempting to step over boxes of merchandise in one of Defendant's store aisles. [Dkt. 6 p. 2.] Based on Plaintiff's testimony, multiple boxes were "all on the floor" of the aisle and blocking his path. [Dkts. 31-3 p. 3; 35-2 pp. 3-4.]

Defendant contends the undisputed facts show Plaintiff cannot establish a known danger and is entitled to judgment as a matter of law on its affirmative defenses of assumption of the risk and comparative negligence. Defendant asserts Plaintiff had recently suffered a stroke, had limited mobility, and knowingly chose to step over the boxes in the aisle to grab some paper plates. [Dkt. 31 p. 4.] As a result, Defendant argues Plaintiff assumed the risk when he stepped over the boxes, and he caused his own injury. [*Id.*]

The Court disagrees that summary judgment is warranted.

## II.    Applicable Law

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate when the record evidence is undisputed as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Bellock v. United States*, 574 F. Supp. 3d 932, 935 (D. Colo. 2021). If the nonmoving party bears the burden of proof at trial, the movant may prevail on summary judgment by demonstrating the nonmoving party lacks (1) evidence proving an essential element of the claim and (2) material facts creating a disputed issue. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1180 (10th Cir. 2018). The Court reviews the record evidence in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). But in doing so, the Court determines only whether there is a genuine issue for the jury at trial. *See Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142 (D. Colo. 2020) (a judge's task at summary judgment does not include weighing the evidence and determining the truth) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

A material fact is essential "to the proper disposition of the claim." *Id.* And a genuine issue for trial exists if the evidence "might lead a reasonably jury to return a verdict for the nonmoving party." *York v. Safeco Ins. Co. of Am.*, 540 F. Supp. 3d 1049, 1053 (D. Colo. 2021). To overcome summary judgment, the nonmoving party

must provide "specific facts showing that there is a genuine issue for trial." *Id.* at 1054 (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986)).

## III.   Analysis

In a slip and fall case in Colorado, "an invitee may recover for damages by proving (1) the landowner actually knew or should have known of the danger and (2) unreasonably failed to exercise reasonable care to protect the invitee from that danger." Colo. Rev. Stat. § 13-21-115(3)(c)(I).

Thus, the first issue is whether disputed issues of fact exist showing Defendant knew or should have known that leaving boxes of merchandise scattered in its store aisle posed a danger to its invitee, the Plaintiff.

Defendant argues there is no evidence showing it had actual knowledge of the danger because it "received no reports of problems with the location or placement of boxes on the side of the aisles[,]" and Plaintiff "never reported any problems to any [store] employees until after his fall." [Dkt. 31 p. 8.] But Defendant's argument ignores that under the PLA, Plaintiff may provide evidence showing Defendant had constructive knowledge and thus should have known of the danger that purportedly harmed him. *See Giblin v. Sliemers*, 147 F. Supp. 3d 1207, 1211 (D. Colo. 2015) (constructive knowledge may satisfy the knowledge requirement under Colorado's premises liability statute); *Riconti v. Dillon Cos. LLC*, No. 18-cv-2896-NYW, 2019 WL 6876873, at *6 (D. Colo. Dec. 17, 2019) (whether a landowner knew or should have known requires a showing of actual or constructive knowledge) (quoting *Lombard v.*

*Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 570 (Colo. 2008) ("*actually knew* and *should have known* are distinctive and separate types of knowledge") (emphasis added)).

First, the circumstances presented in the record raise a disputed issue of material fact about the position of the boxes in the aisle. Defendant appears to argue the boxes Plaintiff claims he fell over were conspicuously located on the side of the aisle. [Dkt. 31 p. 9.] But during his deposition, Plaintiff testified as follows:

> And right past the medium aisle there was [sic] boxes to the left, there's boxes to the right, and there was [sic] boxes all on the floor where someone had been working because one box was empty. And the other ones had fallen over on the floor, presumably. I don't know. All I know is they were in the aisle. [Dkt. 35-2 pp. 3-4.]

Moreover, the Declaration of Chanelle Butterfield, one of Defendant's employees, confirmed boxes were blocking the aisle where Plaintiff fell, and employees were previously stocking merchandise in the store that same day. [Dkt. 35-4 p. 2.] The dispute about the location of the boxes, a material fact, is relevant to Defendant's constructive knowledge. Put differently, a jury could reasonably infer Defendant had constructive knowledge of the danger created by having boxes scattered across the aisle where Plaintiff, its invitee, fell.

But even if the Court were to ignore Ms. Butterfield's Declaration (the parties dispute whether Plaintiff properly obtained her declaration), it appears undisputed one or more of Defendant's employees had placed the boxes in the aisle where Plaintiff fell. Therefore, a reasonable jury could infer Defendant had constructive knowledge

of the dangerous condition when its employees improperly placed or unpacked boxes of merchandise against store safety policies, which prohibited aisles from being blocked to avoid a trip and fall hazard. [Dkts. 34-3 p. 10; 34-4 pp. 4, 5.] It also appears undisputed that Defendant's employees left the boxes in the aisle that day; thus, the jury may receive evidence of the time its employees started stocking shelves in the aisles (and other related evidence) from which to infer the length of time the dangerous condition existed. *See Hutchison v. Walmart, Inc.*, No. 1:19-CV-01496-SKC, 2020 WL 5517011, at *2 (D. Colo. July 17, 2020) ("[A] dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered.").

The Court finds Plaintiff has presented disputed issues of material fact about Defendant's constructive knowledge of the danger posed by the alleged maze of boxes which allegedly caused Plaintiff to fall.[2] *See Watts v. Home Depot U.S.A. Inc.*, 17-cv-1320-WJM-MEH, 2019 WL 1077369, at *3 (the nonmoving party must proffer specific facts beyond the pleadings, and be admissible evidence, from which a rational trier of fact could find for the nonmoving party) (quoting *Adler*, 144 F.3d at 671)).

---

[2] The Motion does not readily argue Defendant failed to exercise reasonable care and neither will the court address it. Regardless, whether Defendant failed to use reasonable care to protect Plaintiff from a danger is a factual inquiry for the jury at trial. *See Watts v. Home Depot U.S.A. Inc.*, 17-cv-1320-WJM-MEH, 2019 WL 1077369, at *4 (refusing to determine whether defendant created an unreasonable risk of harm because "such a factual question is properly submitted to the jury.").

Moreover, the cases Defendant relies on are inapposite because here, the material facts (whether disputed or undisputed) suggest Defendant's employees caused the alleged dangerous condition, thus supporting Defendant's constructive knowledge. *Cf. Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1462 (D. Colo. 1997) (no evidence defendant had actual or constructive knowledge of danger posed by elevator); *Casey v. Christie Lodge Owners Ass'n.*, 923 P.2d 365 (Colo. App. 1996) (no evidence defendant had actual or constructive knowledge of danger posed by storage door); *see Allerton v. Gov't Props. Income Tr., L.L.C.*, No. 16-cv-01771-KLM, 2017 WL 4163357, at *4 (D. Colo. Sept. 20, 2017) (denying motion for summary judgment because plaintiff presented specific facts showing defendant knew or should have known of a driveway's dangerous condition and thus distinguishable from the attenuated danger in *Casey*).

For these reasons, the Court finds Plaintiff established that genuine issues of material fact exist for trial on his PLA claim. *See Clemmons v. FC Stapleton II, LLC*, 485 F. App'x. 904, 909 (10th Cir. 2012) (the existence of material factual disputes implicates issues of credibility which cannot be resolved on summary judgment and must ultimately be resolved by a jury).

Defendant further moves for summary judgment on its affirmative defenses of assumption of risk and comparative negligence. The Court finds there are disputed issues of material fact regarding these defenses. *See Watts*, 2019 WL 1077369, at *7 (defendant was not entitled to summary judgment because it failed to show that no

7

genuine issue of material fact existed, and on its affirmative defense). Moreover, consistent with section 13-21-111.7, which Defendant relies on, "assumption of a risk by a person shall be considered by the trier of fact in apportioning negligence pursuant to section 13-21-111." Colo. Rev. Stat. § 13-21-111.7; *see Watts*, 2019 WL 1077369, at *7 (under Colorado law, the trier of fact must determine the relative culpability of the parties for damages).

Therefore, the Motion is **DENIED**.

DATED: December 30, 2022.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge